LAWSON SEE *v.* HARDY MOTOR COMPANY

(No. 8390)

Submitted May 18, 1937. Decided May 25, 1937.

FOX, JUDGE, absent.

*H. G. Muntzing* and *Ernest See,* for plaintiff in error.
*McCauley, Zimmerman & McCauley,* for defendant in error.

HATCHER, JUDGE:

This action involves the right of a dealer to cancel the sale of a truck and forfeit the consideration received, because of alleged failure of the purchaser to comply with terms of the sale.

On April 21, 1934, defendant, Hardy Motor Company, conditionally sold plaintiff, L. E. See, a used truck for $226.00, of which he was to pay $91.00 in cash and the balance in monthly installments. In lieu of cash, defendant agreed to accept from See a used car valued at $36.00 and a written order on Locust Pin Company for $55.00, if approved by the drawee, which was done. See testified that the order was then accepted as a cash credit, unconditionally, by defendant. One of its representatives testified that it agreed "to take a chance on the order" for a week; another testified that if the order was not paid, defendant was to "come back on him (See) for the payment." The truck and the car were delivered respectively, although several weeks passed before defendant acquired the certificate of title to the car. On May 3rd, Locust Company issued a check to defendant for $55.00 which the drawee bank refused to honor at that time. Defendant reported this to See on May 13th, locked up the truck, and gave him a week in which to pay the $55.00. He did not pay, and defendant repossessed and converted the truck. Later, defendant sold See's car and also collected the check, keeping the proceeds of both. See testified that when deprived of the truck he had a hauling contract which was netting him a daily profit of $5.00. He brought this action before a justice for $295.00 "for the recovery of money due on contract and for damages for a wrong." The justice gave him judgment for $200.00. Defendant appealed to and secured from the circuit court a directed verdict.

Defendant would justify its conduct on the theory that the order on Locust Company, given by See, failed to complete the cash payment, and the sales contract provided that upon such failure, defendant could forfeit his "deposit." Ordinarily, an order upon a third person to pay money is accepted merely as conditional payment. But if there is specific agreement that the order shall be treated as money payment, the law will uphold the agreement. *Garrett* v. *Patton*, 81 W. Va. 771, 95 S. E. 437; 48 C. J., subject Payment, section 56. Since plaintiff and defendant's representatives disagreed about the making

of such an agreement, that question should have been submitted to the jury.

The contract was on a conventional printed form of order for a new machine from the manufacturer; and the forfeiture permitted by the contract was of a deposit on such an order and not of the partial consideration for a used truck in stock. So, even if the jury should find that defendant did not agree to accept the Locust Company order as a cash payment, it does not follow that defendant could forfeit either the proceeds of *that order* or See's car. When a contractual right of forfeiture is asserted, the contract must be construed strictly.

The judgment of the circuit court is reversed, and the plaintiff awarded a new trial.

*Reversed; new trial awarded.*